NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 14 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff - Appellee,<br>v.<br><br>HENRY KU, Attorney,<br><br>        Defendant - Appellant. | No. 23-4085<br><br>D.C. No.<br>3:21-cr-00139-RS-2<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, Chief District Judge, Presiding

Submitted May 12, 2025**
San Francisco, California

Before: BEA and DE ALBA, Circuit Judges, and BROWN, District Judge.***

Henry Ku appeals his jury conviction for conspiracy to defraud the United

States by obstructing the lawful functions of the Internal Revenue Service ("IRS")

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jeffrey Vincent Brown, United States District Judge for the Southern District of Texas, sitting by designation.

in violation of 18 U.S.C. § 371. The conspiracy arose from an agreement between Ku and his co-defendant, Joseph Nubla, to avoid paying taxes on income derived from Brisbane Recycling Company, Inc., a business Nubla owned, for which Ku served as corporate counsel.

The parties are familiar with the facts, so we recount them only as necessary to provide context to our ruling. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm the district court's judgment.

Ku first argues that there was insufficient evidence to support the jury's finding that (1) he and Nubla reached an agreement to defraud the IRS and (2) an overt act was performed in furtherance of the conspiracy within the statute of limitations period of April 6, 2015, to April 6, 2021.[1] Ku next asserts that the district court abused its discretion by allowing evidence of Brisbane's tax returns in the years after the conspiracy under Federal Rule of Evidence 404(b). We address each argument in turn.

"We review de novo the district court's denial of a motion for judgment of acquittal based upon insufficient evidence to sustain a conviction." *United States v. Hursh*, 217 F.3d 761, 767 (9th Cir. 2000). When reviewing the sufficiency of the evidence, we ask "whether, viewing the evidence in the light most favorable to the

---

[1] 26 U.S.C. § 6531(1) provides a six-year statute of limitations "for offenses involving the defrauding or attempting to defraud the United States or any agency thereof, whether by conspiracy or not, and in any manner."

prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quotations and citation omitted).

Here, the government presented sufficient evidence to support the jury's finding that Ku and Nubla agreed to defraud the IRS. To be clear, conspiratorial agreements need not be proven through direct evidence; "it is well established that a conspiracy may be proved by circumstantial evidence and that to constitute an unlawful conspiracy no formal agreement is necessary." *United States v. Ayers*, 924 F.2d 1468, 1482 (9th Cir. 1991) (internal quotation marks omitted). And as the district court observed, the fact that Nubla, through a series of payments, transferred $18 million to shell companies operated by Ku is itself indicative of an illicit agreement. *Id.* at 1482–83 (holding that evidence of cashier's checks and the creation of a Bahamian corporation were sufficient to find agreement to defraud the IRS). The jury also heard testimony that Nubla recorded some of these payments in QuickBooks—without detail or accompanying invoices—six months before they were made. Such evidence is sufficient to support the jury's finding that Ku and Nubla agreed to defraud the IRS.

The evidence was also sufficient to support a finding that at least one overt act was performed in furtherance of the conspiracy. *See United States v. Lyman*, 592 F.2d 496, 500 (9th Cir. 1978) ("Among the elements required to support a conspiracy conviction is proof of *only one* overt act in furtherance of the illegal purpose."

(emphasis added)). The record before us presents sufficient evidence of several overt acts: (1) on April 15, 2015, Ku transferred $30,000 into Nubla's personal bank account; (2) on April 15, 2015, Nubla filed his 2014 tax return, which claimed no taxable income; (3) on October 26, 2015, Nubla returned $7 million in cashier's checks to Ku's shell companies after the IRS visited him; and (4) on April 14, 2016, Nubla filed another tax return claiming no taxable income from his company.

We are also unpersuaded by Ku's argument that he withdrew from the conspiracy and therefore cannot be held liable through these overt acts. Ku maintains that any one of three instances could amount to a withdrawal; first, when Brisbane terminated his employment as its corporate counsel; second, when he received a letter from Brisbane's newly employed corporate counsel "severing all business ties" with him; and third, when he settled a legal-malpractice claim with Brisbane. But a withdrawal finding requires more—there must be "affirmative evidence of abandonment, withdrawal, disavowal or defeat of the object of the conspiracy." *United States v. Recio*, 371 F.3d 1093, 1096 (9th Cir. 2004) (internal quotation marks omitted). The record before us does not support such a finding.

Finally, we reject Ku's argument that the district court abused its discretion in admitting Brisbane's 2016–2021 tax returns under Federal Rule of Evidence 404(b) with an instruction to the jury that it "consider this evidence only for the purpose of deciding whether Joseph Nubla had the state of mind, knowledge, or intent necessary

4                                                      23-4085

to commit the crimes charged in the indictment." Ku fails to explain how the district court's decision prejudiced *him*; in fact, his argument appears to be entirely for the benefit of Nubla, who is not a party to this appeal. Accordingly, we conclude that the district court did not abuse its discretion in admitting this evidence for the limited purpose provided in its instruction to the jury.

**JUDGMENT AFFIRMED.**